Pawtucket Standard Braiding Co.
vs.
New England Braiding Co.
No. 78156.

March 10, 1931.

BLODGETT, P. J. Heard without the intervention of a jury.

Action brought to recover an account claimed to be due from defendant for braid sold and delivered.

Defendant desired to have suspender cord manufactured by plaintiff and entered into an agreement for the same. Plaintiff furnished a sample and made and delivered same to defendant. The agreement was that plaintiff was to furnish a covering for a filler manufactured by defendant. The defendant claims that covering was defective and plaintiff claims that the filler supplied by defendant was so uneven that whatever defects were complained of as to covering were caused by irregularities in the filler supplied, and that no complaint was made by defendant until a demand was made upon defendant for a payment on account.

Defendant claims that the silk used by plaintiff for the covering did not meet the specifications agreed upon at the making of the original order. (See Deft's. Ex's B, C & D.)

October 20, 1928, (Plff's Ex. 2) plaintiff wrote defendant which made a change in the amount agreed upon originally for future deliveries but insisted on the price originally agreed upon for braids already delivered. To this letter (Plff's Ex. 2) defendant wrote a reply (Deft's Ex. D) claiming the price of $1.40 per gross applied to all deliveries past and future. October 26, 1928, November 1, 1928 and November 26, 1928, (Deft's Ex's G, H & I) the correspondent of defendant in New York, to whom the braid was sold, wrote defendant certain letters in regard to the braid which tend to show that there was some controversy over the amount of silk contained in said covering.

There is, however, no testimony to show that the braid was not accepted upon some terms. Two experts testified (viz. Edward S. Judkins and Charles F. Orr) in behalf of plaintiff that the braid, of which a sample is in

evidence, (Plaintiff's Ex. 1) that the sample submitted to them was manufactured in a good, workmanlike manner and complied substantially with the specifications testified to, and was a good merchantable product.

Sometime in October, 1928, while plaintiff was making this article, a new sample was submitted by defendant and a change made in widening the picks in the covering. Plaintiff testifies he notified defendant it would be liable to cause trouble, but that owing to the irregularities in the filler supplied by defendant it might produce a more satisfactory product. During this period the complaints from M. Slifka, who purchased the braid from the defendant, were sent to defendant, and a change was made in the price from $2 per gross to $1.40.

Defendant claims this applied to past as well as future deliveries, but the Court is satisfied it only applied to deliveries of 122 gross, which would make a credit of $73.20 to defendant.

Plaintiff is entitled to recover for 951 gross yards at $2 per gross, viz.: $1902 and 122 gross yard at $1.40 per gross, viz.: $170.80, making a total sum of $2072.80.

Defendant is entitled to credit of $100 paid in cash.

Decision for plaintiff for $1972.80.

For plaintiff: Michael Pedro.

For defendant: Tillinghast & Lynch, Christopher J. Brennan and Fred Perkins.